UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAVID VICTOR CORDOVA,                    No. 13-07-10950 MS

Debtor.

**ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13
PLAN AND DISMISSING CASE**

THIS MATTER is before the Court on confirmation of Debtor's Chapter 13 plan. The Court held a final hearing on June 27, 2007, and took the matter under advisement. At the final hearing the Chapter 13 Trustee requested that the Court dismiss the case based on the Debtor's failure to comply with certain requirements of the Bankruptcy Code. Creditors JP Morgan Chase Bank, N.A., Sean and Valeriane Wilson, and the New Mexico Taxation and Revenue Department supported dismissal of the Debtor's bankruptcy.

After consideration of the record of this proceeding and Debtor's two prior bankruptcy cases, and in light of the testimony and evidence offered at the final hearing on confirmation, the Court finds that Debtor's plan cannot be confirmed at this time and that dismissal of the Debtor's bankruptcy is appropriate. In reaching this determination, the Court FINDS:

1. Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 20, 2007.

2. This bankruptcy is the Debtor's third bankruptcy proceeding filed since August of 2005. Debtor filed Case No. 13-05-16661 SS (the "First Case") on August 18, 2005. A plan was confirmed in the First Case. The Chapter 13 Trustee moved to dismiss the First Case based on Debtor's failure to make plan payments, and the First Case was dismissed by stipulation on August 24, 2006. (*See* Case No. 13-05-16661 SS, Docket # 84). Four days after the dismissal of

1

the First Case, Debtor filed Case No. 13-06-11490 SS (the "Second Case"). The Second Case was dismissed on November 6, 2006, effective October 13, 2006, based on Debtor's failure to comply with the filing requirements contained in 11 U.S.C. § 521.

3. In this case, after notice and a final hearing, the Court entered an order which reimposed the automatic stay, conditioned upon the Debtor making a payment to Sean and Valeriane Wilson (the "Wilsons") no later than May 14, 2007, representing past due payments under a real estate contract, and timely payments under the real estate contract due thereafter. (*See* Docket # 23).

4. Debtor's plan proposes payments of $925.00 per month for a period of sixty months, beginning May 20, 2007. (*See* Docket # 27).

5. On June 7, 2007, the Chapter 7 Trustee filed a Motion to Dismiss this bankruptcy proceeding based on Debtor's failure to commence make timely payments under his plan. (*See* Docket # 33).

6. As of the date of the final hearing on confirmation of Debtor's Chapter 13 plan, Debtor was not current on plan payments.

7. The Debtor lists several businesses in his statements and schedules. (*See* Statement of Financial Affairs (Docket #26) identifying the following businesses: Aspen Leaf Casting; Aspen Associates; David Cordova Consulting; New Mexico Casting; Nativo Chimayo; Colores de Chimayo). However, Debtor did not file any monthly operating reports for any of his businesses until the date of the final hearing on confirmation, when he filed monthly operating reports for Aspen Leaf Associates for the periods of April 15 to May 15, 2007, and May 15, 2007 to June 15, 2007.

2

8. JP Morgan Chase Bank NA ("JP Morgan") is the holder of a claim secured by a Hummer H3 which the debtor purchased in August of 2006, just after the First Case was dismissed. Although the Debtor's Chapter 13 Plan proposed to make payments to JP Morgan Chase outside the plan, no post-petition payments have been made.

9. The New Mexico Department of Taxation and Revenue ("Taxation and Revenue Department") has not received all tax returns for the Debtor's businesses for the tax years 2005 and 2006. Nor does the Taxation and Revenue Department have record of receipt of the Debtors' 2006 PIT return. At the final hearing on Confirmation, Debtor testified that he mailed all delinquent tax returns and CRS forms for all of his businesses in April of 2007 to the Taxation and Revenue Department. He also testified that he gave copies of all returns to his attorney. No copies of tax returns were offered into evidence at the final hearing on confirmation.

10. Debtor testified about a contract with Montano de Truchas under which he expected to receive a payment of $8,033.00 by June 29, 2007. A copy of the contract was admitted into evidence as Exhibit A.

11. Debtor's Schedule J reflects net monthly disposable income in the amount of $46.00. Debtor testified that he plans to bring plan payments current with the income he expects to receive under his contract with Montano de Truchas and through new employment that he has applied for and expects to secure shortly. He also testified that he now has a tenant from which he expects to receive rent in the amount of $1,200.00 per month. However, while the Debtor testified that he has a signed lease, no copy of the signed lease was offered into evidence.

12. Confirmation of a Chapter 13 plan is governed by 11 U.S.C. § 1325.

13. Pursuant to 11 U.S.C. § 1325(a)(9), confirmation is contingent upon the debtor's

filing of "all applicable Federal, State, and local tax returns as required under 11 U.S.C. § 1308." 11 U.S.C. § 1325(a)(9). Section 1308 requires the debtor to "file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a).

14. The plan must also be feasible. *See* 11 U.S.C. § 1325(a)(6) (requiring that "the debtor will be able to make all payments under the plan and to comply with the plan."); *In re Lundahl,* 307 B.R. 233, 244 n. 38 (Bankr.D.Utah 2003) (noting that "[t]he Bankruptcy Code mandates the finding of feasibility in 11 U.S.C. § 1325(a)(6)."). Thus, where a debtor cannot make the payments proposed under a Chapter 13 plan because his or her net disposable income is insufficient or the expenses unrealistic, the plan is not feasible and cannot be confirmed. *See Lundahl,* 307 B.R. at 245 (concluding that plan was infeasible where debtor's budget included no expenses for water, telephone, clothing, medical, dental, recreation or taxes). *See also, In re Tucker,* 34 B.R. 257, 262 (Bankr.D.Okla. 1983) ("It is incumbent upon a Chapter 13 debtor to sufficiently demonstrate an ability to fund the plan from sources which are stable and regular.")(citation omitted).

15. The Debtor bears the burden of proving all elements necessary to confirmation. *See In re Hutchinson,* 354 B.R. 523, 531 (Bankr.D.Kan. 2006) ("Debtors bear the burden of proving that they have met all of the requirements of § 1325, . . .") (citing *In re Barnes*, 32 F.3d 405 (9th Cir.1994) (holding that the debtor has the burden of proving each element necessary to confirmation under § 1325)). *See also, In re Alexander,* 363 B.R. 917, 922 (10th Cir. BAP 2007) (holding that the debtor bears the burden of establishing good faith under § 1325(a)(3)).

16. The Debtor has failed to sustain his burden of proof as to all elements necessary to

4

confirmation. First, the Debtor has not sufficiently demonstrated feasibility as required under 11 U.S.C. § 1325(a)(6). Debtor failed to commence making payments under his proposed plan. The length of the plan as proposed is the sixty-month maximum allowed under 11 U.S.C. § 1322(d). Debtor cannot, therefore, cure the delinquent plan payments by extending the term of his plan. While Debtor is optimistic about his earning potential, his Schedule J shows net disposable monthly income that is woefully insufficient to make the payments of $925.00 contemplated under his plan. Debtor testified that as of the date of the final hearing he did not have sufficient net disposable income to make the $925.00 payments under his plan. Debtor offered no additional evidence to support his testimony of additional rental income. Nor was the contract with Montano de Truchas supported by any corroborating testimony. A Debtor's wishful thinking about future income, anticipated new employment, and/or supplemental income sources fails to satisfy the feasibility requirement of 11 U.S.C. § 1325(a)(6). Based on this evidence, the Court must conclude that the plan is not feasible.

17. The Court also finds that the Debtor's testimony regarding the tax returns and CRS forms is insufficient to demonstrate compliance with 11 U.S.C. § 1325(a)(9). Debtor knew that tax returns were missing at the outset of his bankruptcy proceeding. The final hearing on confirmation was scheduled upon commencement of the bankruptcy proceeding. The Taxation and Revenue Department's objection to confirmation, filed a month prior to the confirmation hearing date, identifies the missing tax returns. Debtor, therefore, knew well before the final hearing on confirmation that the missing tax returns were an issue in this bankruptcy proceeding and a possible impediment to confirmation. Yet, at the final hearing on confirmation Debtor did not offer into evidence copies of the missing returns that he testified he prepared and mailed to

5

the Taxation and Revenue Department. Under these circumstances, the Court finds that the Debtor's testimony alone is insufficient to sustain Debtor's burden under 11 U.S.C. § 1325(a)(9).

18. Pursuant to 11 U.S.C. § 1307, a case may be dismissed for cause, including the following:

> (4) failure to commence making timely payments under section 1326 of this title;
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

11 U.S.C. § 1307(c)(4) and (5).

19. Section 1307(c)(5) is not strictly applicable here since the Debtor has not made a request for additional time to file another plan or to seek to modify a plan, and the Court has not denied such a request. *Cf. In re Brock,* __ B.R. __, 2007 WL 773723, *9 (Bankr.D.Kan. 2007) (noting that because the debtor had not had an opportunity to request additional time within which to modify his plan, § 1307(c)(5) could not support dismissal or conversion at that point in the proceedings). However, as noted above, the Debtor's plan as proposed is for the maximum term authorized under the Bankruptcy Code, and the Debtor has missed two payments while his present income is insufficient to make the payments called for under the plan. It is not clear whether Debtor could propose a plan with lower monthly payments. The plan now provides for payment of priority claims totaling $32,122.40, while his net disposable income reported on Schedule J is $46.00, and the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income reflects a negative monthly disposable income under § 1325(b)(2).

20. While "the rejection of a Chapter 13 plan should not necessarily lead to dismissal, it is a factor for the bankruptcy court to consider as it determines whether to dismiss the petition

6

pursuant to § 1307(c)." *In re Gier,* 986 F.2d 1326, 1329 (10th Cir. 1993).

20. Moreover, pursuant to 11 U.S.C. § 1307(e), dismissal or conversion is mandatory where a debtor has failed to file a tax return as required under 11 U.S.C. § 1307(e).[1] *See also, In re Sawyer,* 2007 WL 1725627, *5 (Bankr.E.D.Va. 2007) (noting that "as the statute is phrased, the court is *required to* ("shall") dismiss or convert the case, whichever is in the best interest of the creditors and the estate, if the debtor fails to file the returns required by § 1308 *and* dismissal is requested by a party in interest.") (emphasis in original).

21. Here, the Debtor's inadequate efforts to comply with the requirements of the Bankruptcy Code and his failure to meet the burden of proof on confirmation warrant dismissal, especially given Debtor's record in two prior failed attempts in Chapter 13. *Cf. In re Jackson,* 2007 WL 1188202, *4 (Bankr.E.D.Pa. 2007) (noting that particularly when the pending case is not the debtor's first proceeding, the standard for evaluating the debtor's reasonableness in his or her efforts to confirm a plan are necessarily more stringent)(citing *In re Yeager*, 2004 WL 422049, *3 (Bankr.E.D.Pa. February 18, 2004) (finding that the court may apply a higher standard of feasibility in determining whether to confirm a chapter plan filed after the failure of prior bankruptcy cases)). And because Debtor's statements and schedules do not reflect an

---

[1]That section provides:
> Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court **shall** dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of creditors and the estate.
>
> 11 U.S.C. § 1307(e) (emphasis added).

7

excess of unencumbered non-exempt assets[2], dismissal, rather than conversion is in the best interest of creditors.

22. The Debtor readily admitted at the confirmation hearing that there were inaccuracies in his statements and schedules, including the lack of any business income reported for previous years in his Statement of Financial Affairs, yet no amendments have been filed. Debtor's Schedule J does not provide for payment of taxes from the operation of Debtor's businesses, yet the only income reflected on Schedule I is Debtor's business income; therefore, post-petition taxes from the Debtor's business operations are being incurred. This proceeding is the Debtor's third bankruptcy case in less than three years. Yet the Debtor did not file all statements and schedules with the petition[3], and the statements and schedules as filed contain inaccuracies that have not been corrected. Debtor did not file a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income until the date of the final hearing on confirmation. Debtor failed to file timely operating reports for his business and failed to make timely payments under his proposed plan. In fact, the only payments Debtor has made were the payments he was required to make under the order reimposing the automatic stay. Under these

---

[2]Debtor holds only an equitable interest as purchaser under the real estate contract with the Wilsons for the only real property listed on Schedule A. (*See* Schedule A - Real Property). Debtor's Hummer H3 is encumbered by the lien of JP Morgan, and his other vehicle, valued at $1,440.00 is encumbered by a title lien in the amount of $800.00 held by Fastbucks. (*See* Schedule D). Debtor claimed an exemption in the real property and in the Hummer H3 on Schedule C, although the Chapter 13 Trustee has filed an objection to Debtor's claim of exemption as exceeding allowable exemption amounts under applicable state law. (*See* Docket # 36).

[3]The Debtor's voluntary petition was filed April 20, 2007. After filing a motion to extend the time within which to file statements and schedules (*See* Docket # 20) on the deadline for filing timely statements and schedules under Rule 1007(c), Fed.R.Bankr.P., the Debtor filed statements and schedules on May 19, 2007 (*See* Docket # 26).

8

circumstances, where the Debtor failed to make a diligent effort to comply with the requirements for proceeding under Chapter 13 of the Bankruptcy Code, and where the Debtor's plan cannot be confirmed, dismissal is appropriate. *Cf. In re Alexander,* 363 B.R. 917, 925 (10th Cir. BAP 2007) (in determining whether dismissal is appropriate under § 1307, "the Tenth Circuit has stated that a bankruptcy court may dismiss a case for cause if after considering the totality of the circumstances the court determines that 'under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter].'") (quoting *Gier,* 986 F.2d at 1329). The Chapter 13 Trustee's Motion to Dismiss, filed June 7, 2007, provided sufficient notice to the Debtor of the possible dismissal of his Chapter 13 proceeding. *See* 11 U.S.C. § 1307 (requiring notice and a hearing).

WHEREFORE, IT IS HEREBY ORDERED, that confirmation of Debtor's chapter 13 plan is DENIED.

ORDERED FURTHER, that this bankruptcy proceeding is DISMISSED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Michael K Daniels
Attorney for Debtor
PO Box 1640
Albuquerque, NM 87103-1640

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

9

James C. Jacobsen
Attorney for Taxation and Revenue Department, State of New Mexico
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368

| | |
|---|---|
| James Jurgens | Allan L. Wainwright |
| Attorney for Sean and Valeriane Wilson | Attorney for JP Morgan Chase Bank NA |
| 100 La Salle Cir Ste A | 920 Lomas Blvd. NW |
| Santa Fe, NM 87505-6976 | Albuquerque, NM 87102-3150 |

10